IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 17, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

| | |
|---|---|
| Michael Edward Brewster, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-000262 |
| ) | |
| Commonwealth of Virginia *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Edward Brewster, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming constitutional violations pursuant to 42 U.S.C. § 1983. Brewster has filed several versions of the complaint, but the third amended and the operative complaint alleges that four named Defendants—Jeremy Vinson, Brenton McGuire, Kenneth Curry, and Joshua Laprade—violated his rights in connection with two traffic stops on May 4, 2023, and July 14, 2023. (Dkt. 31.) Brewster alleges he was stopped without justification and assaulted during the traffic stops. (*Id.*) This matter comes before the court on Defendants Vinson and Laprade's Motions to Dismiss. (Dkts. 53, 59.)

## I. Factual and Procedural History

Brewster's original complaint in this action was filed on April 16, 2025. (Dkt. 1.) Although Brewster submitted the information and consent needed to proceed *in forma pauperis*, (Dkts. 2, 5, 11), he subsequently remitted the full filing fee and was not granted *in forma pauperis* status at the outset of the case, (docket entries dated May 19, 2025, and June 9, 2025, stating

-1-

"Partial Filing Fee Received" and "Remaining Filing Fee Received," respectively). In his initial complaint, Brewster named as Defendants only the "Commonwealth of Virginia" and "Alleghany County Commonwealths Attorney." (Dkt. 1 at 1.) Brewster did not name any John Doe Defendants or identify any individual officers by name in the original complaint's factual allegations.

By Order dated May 13, 2025, the court advised Brewster that the complaint failed to state a claim upon which relief could be granted because the named Defendants were not persons and were immune from suit. (Dkt. 13.) The court gave Brewster an opportunity to submit an amended complaint. (*Id.* at 3.) Brewster then filed an amended complaint on May 29, 2025. (Dkt. 15.) The amended complaint named four individual Defendants (Vinson, McGuire, Curry, and Laprade). (*Id.* at 1.) Because Brewster paid the filing fee and thus was not proceeding *in forma pauperis*, he was charged with the responsibility of serving Defendants, (Dkt. 17), and was given information about how to do so, (Dkt. 18). The court advised Brewster of his responsibility to serve Defendants and that he had 90 days from the date of the Order (June 11, 2025) to serve Defendants pursuant to Federal Rule of Civil Procedure 4. (Dkt. 18.)

Brewster then sought leave to file a second amended complaint, (Dkts. 16, 19), which the court granted, (Dkt. 20). The second amended complaint was filed on June 25, 2025. Brewster again sought leave to file a third amended complaint, (Dkt. 26), which the court granted, (Dkt. 30). The third amended complaint was filed on August 7, 2025. (Dkt. 31.)

Brewster next filed a motion to proceed *in forma pauperis* on August 8, 2025, asserting that he had been unable to serve the action. (Dkt. 32.) The court granted Brewster *in forma*

*pauperis* status on August 28, 2025, and advised that it would undertake service for Brewster now that he was proceeding *in forma pauperis*. (Dkt. 38.) The same day, the court sent waiver of service forms to the named Defendants at the addresses provided by Brewster. (Dkt. 41.)

Also on August 28, 2025, Brewster filed a request to voluntarily dismiss Defendant Curry and "Claim 2" of the third amended complaint, which relate to the July 14, 2023, traffic stop. (Dkt. 39.) The court granted that request on September 2, 2025. (Dkt. 42.) In accordance with the history above, the third amended complaint is the operative complaint. The third amended complaint only asserts "Claim 1," which relates to the May 4, 2023, traffic stop against Defendants Vinson, McGuire, and Laprade.

Defendant Vinson waived service on September 19, 2025, (Dkt. 44), appeared by counsel, (Dkt. 52), and filed a motion to dismiss, (Dkt. 53). Defendant Laprade was served by the United States Marshals Service after failing to return the waiver of service form on October 10, 2025, (Dkts. 45, 48), appeared by counsel, (Dkt. 57), and filed a motion to dismiss, (Dkt. 59). Defendant McGuire was served on October 10, 2025, (Dkt. 49), but he has neither appeared nor responded to the suit.

Brewster filed a number of responses to the motions to dismiss. (Dkts. 62, 63, 69, 72). Defendant Laprade filed a motion to strike one of these responses, (Dkt. 69), as an unauthorized surreply brief for which leave had not been granted, (Dkt. 70). Brewster was not granted leave to file what he filed, (Dkt. 69), so the submission was indeed improper under the applicable Local Rules. *See* U.S. Dist. Ct. W.D. of Va. Local Rule 11(c)(1) (providing for the submission of a movant's brief in support of motion, an opposing party's responsive brief, and a movant's rebuttal brief and noting that "[n]o further briefs (including letter briefs) are

to be submitted without first obtaining leave of court"). However, the court has considered it; it does not alter the court's analysis herein, so the court declines to strike it given Brewster's *pro se* status.

## II. Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis

Defendant Laprade's motion to dismiss asserts that he should be dismissed from this action because he did not receive notice of the action within the time period permitted for service under the Federal Rules of Civil Procedure after the applicable statute of limitations period ran.  (Dkt. 60 at 6–7.)  As set forth above, the remaining claim in the third amended complaint arises out of a traffic stop on May 4, 2023.

Section 1983 does not itself contain an express statute of limitations.  Instead, a federal court considering such a claim must apply the forum state's most similar statute of limitations period.  *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985).  In Virginia, the personal injury statute of limitations is two years under Va. Code Ann. § 8.01-243(A).  Therefore, Brewster's claim must have been asserted within two years of its accrual or it is time-barred (meaning the claim must be dismissed irrespective of the merits of the claim).  Although Brewster's original complaint was filed on April 6, 2025, which is before May 4, 2025 (the date the statute of limitations period expired), he did not name any individual Defendants (even as Doe Defendants) in this action until he filed an amended complaint on May 29, 2025.[1]  Accordingly, Brewster's claims against Defendants are time-barred unless some exception applies.  One such exception is that certain amendments to a complaint are considered to "relate back" to the original complaint's filing date such that the bar of a statute of limitations can be avoided.  *See* Fed. R. Civ. P. 15(c).

---

[1] Technically, Brewster's amended complaint was considered filed on the date when it was mailed to the court on or after May 20, 2025 (the date of signature; no evidence of date of mailing, Dkt. 15 at 9) pursuant to the "mailbox rule" that applies to inmate's filings.  The court has used the date of docketing date here in the body of this opinion for ease of explanation because even with the benefit of the mailbox rule, the amended complaint still was filed after the limitations period ran.

Federal Rule of Civil Procedure 15(c) governs whether amendments to pleadings, including those naming new parties, relate back to an original pleading. It provides that an "amendment chang[ing] the party or the naming of the party against whom a claim is asserted" relates back if:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; [*and*]
> (C) ... within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)–(C) (emphasis added). Here, subsection (B) is satisfied because the claims asserted against the newly named Defendants arose out of the same transaction or occurrence that was asserted in the original complaint.

The Fourth Circuit recently clarified the applicable deadlines for service that govern prisoner litigation and applied subsection (C), when it considered a case with a similar procedural history in *McGraw v. Gore*, 31 F.4th 844 (4th Cir. 2022). In *McGraw*, the inmate plaintiff originally named only an immune institutional defendant. *Id.* at 847. The district court first advised the plaintiff that he had failed to submit a signed complaint. *Id.* The plaintiff fixed that error by filing a signed amended complaint, but the amended complaint still named as the only defendant an immune institutional defendant. *Id.* Pursuant to its screening authority, the district court next advised the plaintiff that he needed to identify individual defendants. *Id.* Plaintiff did so in a second amended complaint that named two individual defendants, *id.*, on a date after the applicable three-year limitations period (under North

Carolina law) had run. *Id.* at 848. The court then authorized service, and one defendant was served on the ninetieth day thereafter. *Id.* at 850.

The Fourth Circuit found that Rule 15(c) permitted the late identification of the individual defendant that was served, because she had received notice within the 90-day period permitted for service of actions pursuant to Rule 4(m), and therefore the subsequent amendments related back to the original filing date. *Id.* at 850–51. In other words, the court is allowed to relate back the amendments "so long as the added defendant had notice within the 90 days — or [if the court finds] any "good cause" extension — allowed under Rule 4(m)." *Id.* at 849. The 90-day period begins to run in prisoner litigation once the court permits service after screening. *Id.* at 850 (citing *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010).) And the Fourth Circuit held that the substitution of the individual defendants for the originally named immune institutional defendant was a qualifying "mistake" as referenced under Fed. R. Civ. P 15(c)(ii).[2] *Id.* at 851. Thus, *McGraw* governs this case (at least up to a point).

In this case, the court screened Brewster's original complaint under its prisoner litigation screening authority. (Dkt. 13 at 1 (citing 28 U.S.C. § 1915A(a)).) It notified Brewster of his obligation to name individual defendants in an amended complaint. (*Id.*) Thus, giving Brewster the benefit of that screening period, this action was "ripe" for service upon the newly-named individual Defendants when the court advised Brewster that the amended complaint could be served and of his service options on June 11, 2025 (therefore implicitly concluding the screening of the amended complaint). (Dkts. 17, 18.) Thus, the 90-day period

---

[2] This holding seems to deviate from earlier Fourth Circuit precedent such as *Locklear v. Bergman & Bering AB,* 457 F.3d 363 (4th Cir. 2006), but the court follows *McGraw* as the Fourth Circuit's most recent pronouncement of what constitutes a qualifying "mistake" under Fed. R. Civ. P. 15(c).

under Rule 4(m) began to run on June 11, 2025. Ninety days after that is September 9, 2025. None of the Defendants were served by September 9, 2025. Vinson accepted service on September 19, 2025, and Laprade and McGuire were served on October 10, 2025.

But, the difference here from the plaintiff in *McGraw* is that, unlike most inmates, Plaintiff Brewster was not proceeding *in forma pauperis* initially. Before the court ruled on his initial request to proceed *in forma pauperis*, (Dkt. 2), Brewster paid the filing fee. Accordingly, the obligation to serve remained on him (and not on the court) until the court granted his second or renewed request to proceed *in forma pauperis* on August 28, 2025, (Dkt. 38), after he requested that status again on August 8, 2025, (Dkt. 32). Brewster noted that he lacked the resources to serve the complaint and that he did not realize that paying the filing fee would result in his not being regarded as proceeding *in forma pauperis*. (*Id.*) Accordingly, the court concludes that Brewster essentially requested an extension of time to serve the complaint, which the court implicitly granted in connection with granting him *in forma pauperis* status and in subsequently authorizing service on August 28, 2025. Defendant Laprade was served within ninety days of that date.

Alternately, the court can subsequently authorize an extension after the 90-day period has run under *McGraw*. *See McGraw*, 31 F.4th at 852 (remanding to district court to assess whether extension to serve should be permitted after deadline had expired). Therefore, the court exercises its discretion to do so given Brewster's payment of the filing fee and the resultant confusion about his *in forma pauperis* status. *See Gelin v. Shuman*, 35 F.4th 212, 219–20 (4th Cir. 2022) (holding "that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even

-8-

absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule.").

Here, the case is in its preliminary stages so Defendant Laprade has not been prejudiced by the delay, but any dismissal would prejudice Brewster because his claims would be time-barred upon any re-filing. Brewster has not shown bad faith, and service was delayed primarily because he paid the filing fee and thus was not granted *in forma pauperis* status initially. Additionally, the Supreme Court has warned that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)). All of these factors weigh in favor of extending the time for service in this case. *See McDaniel v. Phelan*, No. 2:25-cv-00072, 2025 WL 2029867, at *3–6 (E.D. Va. July 21, 2025) (identifying relevant factors and extending service deadline). The court therefore finds the service of Laprade timely under the extension granted explicitly in this Order, so the amended complaint relates back to the date of filing of the original complaint under *McGraw*.

For the reasons set forth above, the court **DENIES** Defendant Laprade's motion to dismiss on the basis that the claim against him is barred by the statute of limitations. The court will defer ruling on Brewster's motions requesting the issuance of subpoenas duces tecum, (Dkts. 65, 66), for at least thirty days from the date of this Order in order to permit Defendant Laprade to file any additional motions or oppositions to Brewster's discovery motions that he deems appropriate.

Defendant Vinson did not assert the statute of limitations as a basis for dismissal in his motion to dismiss. Instead, he asserts (1) that the factual allegations are too conclusory to support a plausible claim of entitlement to relief, (2) that the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) that he is entitled to qualified immunity. (Dkt. 54.) The third amended complaint's factual allegations with regard to Defendant Vinson are indeed sparse and largely conclusory. Brewster contends that he was a passenger in a vehicle that was stopped for a traffic stop on May 4, 2023. (Dkt. 31 at 2–3, 7.) Brewster contends he was physically removed from the car by Vinson, who had "no probable cause." (*Id.* at 2.) Brewster does not appear to challenge the May 4, 2025, traffic stop itself, and he states no facts indicating that the traffic stop itself lacked probable cause. Thus, the court assumes that Brewster intends to assert a claim that Vinson violated the Fourth Amendment in connection with the search of Brewster's body and/or his removal and arrest from the stopped vehicle in which he was a passenger.

Brewster only sought monetary relief in connection with this claim, (*id.* at 11), and he ultimately pleaded guilty to possession of drug charges in connection with this traffic stop. *See Comm. v. Brewster*, CR23000335–36 (Alleghany Cnty. Cir. Ct. July 11, 2024) and *Comm. v. Brewster*, CR24000275-278 (Alleghany Cnty. Cir. Ct. July 16, 2024).[3] All the court has at this point are Brewster's bare and legally conclusory allegations that he was removed from the car without "probable cause," (Dkt. 31 at 2), that he had his identification, (*id.* at 3), that there were no outstanding warrants against him, (*id.*), that he was not under the influence, (*id.* at 4),

---

[3] The court may consider these public records without converting the motion to dismiss to a motion for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (noting that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed").

and his claim that he was not a threat (*id.*).  None of these allegations, even accepted as true, provides factual context or support for Brewster's claim that there was no basis for his removal from the car and arrest.  The court reviewed the prior iterations of the complaint (four in total) as well as all his briefing and the documents submitted, and it was unable to find more content or context.

      The backdrop of the controlling law that would govern such a claim is as follows:  Once a traffic stop is justified, an officer may ask occupants including passengers to exit the car without violating the Fourth Amendment.  *Maryland v. Wilson*, 519 U.S. 408, 415 (1997).  Then, an occupant can be frisked or patted down if the officer is concerned that his or her safety is threatened without violating the Fourth Amendment.  *Arizona v. Johnson*, 555 U.S. 323, 327 (2009) (extending *Terry* to frisks of passengers).  If the frisk was justified, any evidence obtained during the frisk would not be obtained in violation of the Fourth Amendment.  It may be that Brewster simply misapprehends his rights and the governing law on the Fourth Amendment.  But, the court needs additional factual development before it can conclude that Brewster could not state a claim for relief upon the facts he has alleged.  It is reluctant to grant a motion to dismiss with prejudice without more alleged facts or certainty that Brewster can allege no more facts in support of his claim.  Likewise, the court cannot rule upon the qualified immunity ground asserted without additional factual development it lacks at this procedural stage.

      Defendant Vinson also asserts that Brewster's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court explained, "[w]e think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to

-11-

prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id.* at 486. Therefore, in order for a § 1983 plaintiff to recover damages for an unconstitutional conviction or "other harm caused by actions whose unlawfulness would render a conviction . . . invalid," the plaintiff must prove that "the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. "A claim for damages bearing that relationship to a conviction . . . that has *not* been so invalidated is not cognizable under § 1983." *Id.* The *Heck* holding prevents federal courts and state courts from entering contradictory rulings on the same facts. In order to apply *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added).

In *Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003), the Fourth Circuit applied *Heck* to bar a § 1983 claim stemming from an alleged illegal automobile stop resulting in the seizure of cocaine and drug trafficking charges. The court reasoned that "[t]he cocaine seized [from the arrestee's automobile] was uniquely available from the alleged illegal search thereof, and if it were suppressed as evidence, there would be no evidence to convict [the arrestee] for drug trafficking." *Id.* at 847. Therefore, the Fourth Circuit found that the § 1983 claim could not be maintained under *Heck*. Similarly, Brewster was convicted of drug possession after a challenged stop and search.

-12-

Defendant Vinson's motion to dismiss thus asks the court to follow this logic: if this court were to find that Defendant Vinson removed Brewster from the vehicle and arrested him without probable cause, that would implicate the basis of Brewster's state conviction for possession of drugs because the drugs would be necessarily suppressed as a remedy for the Fourth Amendment violation. Because of the risk that a ruling by this court would effectively contradict and vitiate an otherwise valid state court conviction, Defendant Vinson maintains that *Heck* forbids a § 1983 plaintiff from asserting such a claim at odds with the state court's conviction. (Dkt. 54 at 4–5.)

This may ultimately be the case, but there is a wrinkle that has not been addressed. Ten years after the first *Ballenger* case was decided, the plaintiff in *Ballenger* attempted to reinvigorate his claims, asserting that his § 1983 action was not barred because he had pleaded guilty. *Ballenger v. Owens*, 515 F. App'x 192 (4th Cir. 2013). He cited *Haring v. Prosise*, 462 U.S. 306 (1983) for the proposition that "a claim for damages based on an unconstitutional search and seizure does not imply the invalidity of a conviction obtained by guilty plea . . . ." *Ballenger*, 151 F. App'x at 194; *see Haring*, 462 U.S. at 318, 320 (stating that "[plaintiff]'s guilty plea in no way constituted an admission that the search of his apartment was proper under the Fourth Amendment" and noting that pleading guilty does not amount to "a 'waiver' of antecedent Fourth Amendment claims that may be given effect outside the confines of a criminal proceeding").

Although the Fourth Circuit did not reach the merits of that issue in Ballenger's second action, the court has concerns that the *Haring* holding could provide Brewster a basis for his claim. S*ee Irby v. Wallace*, 32 F. App'x 117, 118 (4th Cir. 2002) (reversing district court's

-13-

dismissal of an inmate's § 1983 case based on *Heck* when inmate had pleaded guilty). Of course, it may be that Brewster's guilty plea waives any such challenge or that the issue is precluded, but the court does not have the information needed to make that determination at this point.

In sum, the court finds the third amended complaint insufficient to establish a plausible claim of entitlement to relief as to all Defendants, and therefore it will dismiss the claims asserted without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal). However, it cannot conclude that Brewster's claim should be dismissed with prejudice based on the facts alleged. Accordingly, it **GRANTS** Vinson's motion to dismiss but without prejudice to Brewster's right to submit another complaint with more detail. If Brewster wishes to continue this litigation, he must submit an amended complaint within thirty (30) days of the date of this Order. Leave is granted **only** for Brewster to assert facts and claims arising out of the May 4, 2023, traffic stop against Defendants Vinson, Laprade, and McGuire. Brewster should be as specific as possible about the actions taken by each Defendant and how he contends his rights under the Constitution were violated by the acts.

### IV. Conclusion and Order

For the reasons detailed above, Brewster's third amended complaint fails to state a plausible claim upon which relief could be granted against all Defendants, so the court **DISMISSES** the third amended complaint pursuant to its statutory screening authority and **GRANTS** Defendant Vinson's motion to dismiss, (Dkt. 53), without prejudice to Brewster's right to file an amended complaint as set forth above. The court **DENIES** Defendant

Laprade's motion to dismiss based upon the statute of limitations. (Dkt. 59). The court **DEFERS** ruling on the discovery motions of Brewster. (Dkts. 65, 66). The court **DENIES** Defendant Laprade's motion to strike. (Dkt. 70.)

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Brewster.

**IT IS SO ORDERED**.

**ENTERED** this 17th day of February, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE